### In re SOUTHWESTERN WATER CORP., Debtor.

### Bankruptcy No. 96–10948–FM.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

June 10, 1998.

Travis Phillips, Austin, TX, for debtor.

Lynn Hamilton Butler, Assistant Attorney General, State of Texas, Austin, TX.

## MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on May 26, 1998 upon the Debtor's Plan of Reorganization objected to by the Texas Comptroller of Public Accounts, Texas Workforce Commission, and Texas Department of Health. The Court also convened a hearing on the Motion to Convert Case by the same objecting parties on June 8, 1998.

■■■ The issues in both matters are exactly the same. The Debtor's proposed liquidating Chapter 11 Plan will not generate enough money from the liquidation of the assets of this estate to provide pre-petition priority claims any distribution under the plan. The State of Texas argues that this violates § 1129(a)(9) which provides that a plan must provide that priority claims will receive on the effective date of the plan on account of their claim cash equal to the allowed amount of their claim. The State of Texas cites the Fifth Circuit Court of Appeals case of *In re Sandy Ridge*, 881 F.2d 1346, 1352 (5th Cir.1989), wherein the Court stated that a liquidating plan must meet all the requirements of § 1129(a) with the exception of § 1129(a)(8).

The Debtor counters with the argument that § 1129(a)(9) should not be a bar to a liquidating plan simply because the assets do not sell for enough to pay in full the priority claims.

In this case the assets liquidated for an amount far less than the secured claim and the secured claimant has agreed to take less than full proceeds, for unknown reasons, in order to allow administrative costs attendant to the case, including the costs of attorneys fees for getting the liquidating plan confirmed, to be paid.

While there may be no practical reason to not allow liquidation of estates in Chapter 11 even though priority claims will get nothing (and would get nothing in the converted Chapter 7 case), it is not for this Court to determine such policy. This is a policy decision that has been made by Congress. Bankruptcy Code section 1129(a)(9) allows a court to confirm a plan *only* if the plan provides for full payment of all priority claims in cash on the effective date of the plan unless other treatment has been agreed to, and here, there is no such agreement. The Fifth Circuit Court of Appeals has ruled that liquidation plans must meet all the requirements of § 1129(a) except for subparagraph (a)(8). *In re Sandy Ridge*, 881 F.2d 1346, 1352 (5th Cir.1989).

Accordingly, the result in this case is clear. The Plan must be denied confirmation and the Motion to Convert must be granted. Therefore, two Orders of even date with this Memorandum Opinion shall be entered denying confirmation of the Debtor's Plan of Reorganization and converting the case to one under Chapter 7.

## ORDER DENYING CONFIRMATION

The Court held a hearing on May 26, 1998 upon the Debtor's Plan of Reorganization objected to by the Texas Comptroller of Public Accounts, Texas Workforce Commission, and Texas Department of Health. Based on that hearing, the Court has entered its Memorandum Opinion together herewith. Based thereon, it is

ORDERED that the Debtor's Plan of Reorganization be, and the same is hereby, denied.

*ORDER CONVERTING TO CHAPTER 7*

The Court held a hearing on the Motion to Convert Case filed by the Texas Comptroller of Public Accounts, Texas Workforce Commission and Texas Department of Health on June 8, 1998. Based on that hearing the Court has entered its Memorandum Opinion together herewith. Based thereon, it is

ORDERED that the Motion to Convert Case to Chapter 7 Case by Texas Comptroller of Public Accounts, Texas Workforce Commission and Texas Department of Health be, and the same is hereby, converted to a case under Chapter 7 effective immediately.